# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER DAVIS-CLAIR,

                   Plaintiff,

v.

C.O. TURCK, C. FRANCOIS, K. O'DELL, and JOHN DOES,

                   Defendants.

Case No. 17-CV-389-JPS
7th Cir. Case No. 17-2148

**ORDER**

     Plaintiff, a prisoner incarcerated at the Wisconsin Secure Program Facility, proceeds *pro se* in this matter in which he alleges that his civil rights were violated. (Docket #1). On May 12, 2017, the Court screened the complaint and dismissed this action with prejudice for Plaintiff's failure to state any claims upon which relief could be granted. (Docket #11 and #12). On May 30, 2017, Plaintiff filed a notice of appeal of that ruling. (Docket #13). On June 16, 2017, Plaintiff filed a motion to proceed on his appeal *in forma pauperis*. (Docket #19).

     Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case

when a reasonable person could suppose the issue to have some legal merit. *Id.*

Plaintiff's appeal is not taken in good faith. The only explanation of the basis for his appeal is found on the first page of his motion to seek *in forma pauperis* status. (Docket #19 at 1). There, Plaintiff states that he wants "a chance to explain everything" and would like to "give evidence" supporting the allegations of his complaint. *Id.* Plaintiff further states that "he [was] under the impression that he only needed to provide a short and plain statement for the claim for relief." *Id.* The Court did not dismiss his complaint because it was not short or plain. It did so because Plaintiff's allegations did not state a claim for deliberate indifference to his suicide risk by any of the Defendants. (Docket #11 at 5-8). Moreover, despite Plaintiff's desire to the contrary, the Court cannot consider any evidence at the screening stage. Finally, no further explanation of his allegations was necessary; Plaintiff's claim did not lack merit because it failed to allege some particular nuance required by law, but that the factual account he presented simply did not state a viable claim for relief. In sum, no reasonable person could suppose that the instant appeal has merit, and the Court must therefore deny the motion for leave to proceed on appeal *in forma pauperis*. The Court will likewise deny as moot Plaintiff's request related to paying an initial partial filing fee, which erroneously assumed that he would be granted *in forma pauperis* status on appeal. (Docket #18).[1]

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding

---

[1]Plaintiff also neglected to submit a certified copy of his trust fund account statement so that an initial partial filing fee could be calculated. *See* 28 U.S.C. § 1915(a)(2).

proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. Plaintiff has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #19) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion related to his initial partial filing fee on appeal (Docket #18) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge